IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **JAMARCUS VONTREVUS ROGERS,** | : |
| | : |
| Plaintiff, | : |
| | : |
| V. | : |
| | : NO. 3:21-cv-00095-CAR-CHW |
| **OFFICER ARANGO,** *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Plaintiff Jamarcus Vontrevus Rogers, a detainee in the Walton County Jail in Monroe, Georgia, filed a complaint under 42 U.S.C. § 1983 and a motion to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Compl., ECF No. 1; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff was granted leave to proceed *in forma pauperis* and ordered to pay an initial partial filing fee of $7.25, Order, ECF No. 5, which he has now paid. Therefore, his complaint is ripe for preliminary review. On that review, Plaintiff will now be permitted to proceed for further factual development on his claim that Defendant Officer Arango violated Plaintiff's right to bodily privacy.

**PRELIMINARY REVIEW OF PLAINTIFF'S AMENDED COMPLAINT**

   I.   Standard of Review

Because the Court has granted Plaintiff leave to proceed *in forma pauperis*, his complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis*

proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). The complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

   II.   Factual Allegations

Plaintiff alleges that on July 13, 2021, he was asleep in bed when Officer Arango was walking door to door checking for wristbands. Compl. 4, ECF No. 1. Arango came to Plaintiff's cell door and woke Plaintiff and his cellmate to ask where their wristbands were. *Id*. Plaintiff told Arango that his wristband was in his desk, and Arango ordered Plaintiff to get off of his bunk bed and get the wristband. *Id*. Plaintiff said that he could not get down because he was not wearing any underwear, but Arango again ordered Plaintiff to get down and get his wristband. *Id*. Plaintiff replied that his underwear was drying and that he did not feel comfortable getting down with only a sheet to cover himself. *Id*. Arango said he did not care and told Plaintiff that he had to get his wristband. *Id*. at 4-5. Plaintiff then asked Arango to step away from the cell door window while he got down, but Arango refused to move and again ordered Plaintiff to get down. *Id*. at 5. Plaintiff got off of the bunk with only his thin sheet to cover him. *Id*. Plaintiff was embarrassed and uncomfortable because Arango was staring between Plaintiff's legs. *Id*.

3

Plaintiff retrieved the wristband from the desk and started to put it on, but Arango told Plaintiff to give him the wristband. *Id.* Plaintiff again tried to put the wristband back on when Arango opened the cell door with his hand on his taser, threatening to shoot Plaintiff with the taser if Plaintiff did not give him the wristband. *Id.* Plaintiff tried to tell Arango that the wristband would snap back on his wrist, but Arango pushed Plaintiff aggressively against the wall, causing Plaintiff's sheet to fall and expose Plaintiff's genitals. *Id.*

At that point, Arango again demanded that Plaintiff give him the wristband, and Plaintiff responded that Arango's actions were sexual harassment and were uncalled for. *Id.* at 6. Arango had his arm pushed up against Plaintiff's back when Plaintiff handed Arango the wristband and Arango then released Plaintiff. *Id.* Plaintiff turned around to face Arango who looked Plaintiff's naked body up and down before stating, "I was not looking at your little small black dick anyways." *Id.*

III. <u>Plaintiff's Claims</u>

The Eleventh Circuit has recognized a claim under § 1983 for a violation of a prisoner's constitutional right to bodily privacy. *See Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993). In particular, the Eleventh Circuit held that "most people have 'a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.'" *Id.* (quoting *Lee v. Downs*, 641 F.2d 1117, 1119 (4th Cir. 1981)). In *Fortner*, the right to bodily privacy was recognized in the context of claims by male prisoners that female officers were

4

acting unprofessionally when viewing the nude male inmates in the showers and other areas by doing things like asking the inmates to masturbate or display their genitals for the female officers. *Id.* at 1026-27. The *Fortner* court cautioned that a prisoner's right to bodily privacy is limited and must be evaluated on a case-by-case basis. *Id.* at 1030.

In another case, two individuals were engaged in sexual activity right before their arrest, and the arresting officers did not allow them to get dressed. *Mitchell v. Stewart*, 608 F. App'x 730, 732-33 (11th Cir. 2015) (per curiam). The officers took the individuals out to the police car, allowing them to be witnessed by neighbors who stated that they saw both individuals' genitalia. *Id.* The female individual was also exposed to "[a]t least two male inmates" who said they saw her body. *Id.* at 733. In that case, the court recognized a clearly established "principle that, absent a legitimate reason, individuals maintain a right to bodily privacy, in particular the right not to have their genitals exposed to onlookers." *Id.* at 735. At the district court level, a Florida court has suggested that a violation of bodily privacy occurs when (1) "the officers cause[] the pretrial detainee or inmate to be exposed" and (2) the officer has "engaged in some additionally offensive conduct." *Davis v. City of Leesburg*, 2014 WL 4926143, at *20 (M.D. Fla. Sept. 30, 2014).

Plaintiff's allegations are arguably less severe than those set forth in *Fortner* and *Mitchell*, as Plaintiff makes no allegation that he was required to expose his genitals to someone of the opposite sex. Moreover, Plaintiff was initially covered with a sheet and was apparently only exposed after he failed to comply with Arango's order to hand over the wristband. Although Plaintiff does not say how long he was left exposed, his

5

allegations suggest that he was likely uncovered for only a brief time. Nevertheless, Plaintiff's allegations, accepted as true and construed in Plaintiff's favor, indicate that Plaintiff was made to expose his genitals against his will to both Arango and to his cellmate, and that Arango deliberately made a point of looking at Plaintiff's genital area while the thin sheet was covering him and after Plaintiff had been made to drop the sheet, when Arango made a comment about Plaintiff's penis. In light of these facts, it does not appear that Plaintiff's claim that his right to bodily privacy was violated is frivolous. Accordingly, Plaintiff will be allowed to proceed for further factual development on this claim against Defendant Officer Arango.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned within **FOURTEEN (14) DAYS** of his being served with a copy of this order. Plaintiff may seek an extension of time in which to file written objections or amendments, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT OFFICER ARANGO,** and that he file an Answer, or other response as

appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer

or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED**, this 23rd day of February, 2022.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge